# HO*&*P | HEYGOOD, ORR & PEARSON

**6363 N. State Highway 161, Suite 450, Irving, TX  75038**

**214.237.9001   |   877.446.9001   |   214.237.9002 F**

**www.hop-law.com**

November 14, 2018

***VIA ECF***
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: No. 16-CV-2914 (KAM) (JO); *China Power Equipment, Inc. et al v. Song et al.*

Dear Judge Orenstein:

Plaintiff China Power writes regarding an ongoing discovery dispute that the parties in the above case are unable to resolve. The Court granted Plaintiff's motion to compel responses to discovery and ordered Defendant Deheng Law Offices (DHLO) to "make the required disclosures (including, if any information is withheld on the basis of an assertion of privilege, a privilege log) by October 8, 2018." [Status Conference #161]. DHLO has provided the attached privilege log.

"The burden is on the party resisting discovery to establish privilege." *United States v. 111 E. 88th Partners,* 2018 WL 4519203, at *2 (S.D.N.Y. Sept. 20, 2018), citing *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). The documents at issue are not privileged, and DHLO should be ordered to produce them.

According to DHLO, this case involves "a Chinese law firm rendering legal advice in the PRC under Chinese law to a Chinese company." (DHLO's Reply Memorandum in Support of Motion to Dismiss [#157], at p. 9).  Because Chinese law does not recognize the attorney-client privilege or the work-product doctrine, the documents are not privileged and should be produced.  *See, e.g., Wultz v. Bank of China Ltd.,* 979 F. Supp. 2d 479, 492–93 (S.D.N.Y. 2013) ("Because Chinese law does not recognize the attorney-client privilege or the work-product doctrine, BOC must produce those items listed on its privilege log which are governed by Chinese privilege law.").

In any event, even assuming U.S. privilege law applies (it does not) to some or all of the documents in question, they are still not privileged. To put it simply, the communications are discoverable because they are clearly "at issue" in this case. *See, e.g., John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) ("[A] party's assertion of factual claims can, out of considerations of

Hon. James Orenstein
United States District Court
November 14, 2018
Page 2

fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted.") (citations omitted); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("This waiver principle is applicable here for Bilzerian's testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue. His conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent."). "Both attorney-client privilege and work-product immunity 'may implicitly be waived when [the] defendant asserts a claim that in fairness requires examination of protected communications.'" *Foster*, 2016 WL 524639, at *3 (citations omitted). "A person may waive protection where he 'asserts a factual claim the truth of which can only be assessed by examination of a privileged communication,' even if he does not explicitly rely on that communication." *Foster*, 2016 WL 524639, at *3, quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 488 (S.D.N.Y. 1993).

> [A] party may not assert the privilege over a communication and then later make partial self-serving disclosures of the allegedly privileged material. […] Moreover, a waiver may occur even if the asserting party does not make direct use of the privileged communication itself when that party avers material facts at issue related to the privileged communication, and where the validity of those facts can only be accurately determined through an examination of the undisclosed communication. […] Under such circumstances, fundamental fairness strongly supports a finding that a waiver of attorney-client privilege has occurred.

*Hussain v. Burton & Doyle of Great Neck, LLC*, 2016 WL 6088309, at *4 (E.D.N.Y. Oct. 18, 2016) (citations omitted).

This case presents a perfect illustration of attorney-client communications being "at issue." The truth of virtually ***all*** of DHLO's claims and defenses herein – such as, for example, DHLO's assertions (stated in response to Plaintiff's Interrogatories) that DHLO "had no reason to believe that Zhongxi and Mr. Song never intended to carry out the Management Entrustment Agreement" or that "[a]ccording to information obtained by [DHLO] in 2008, Xi'an Feijing Science and Technology Co. did not operate any transformer business in 2008 because of the transfer to Zhongxi" – can only be assessed by examination of DHLO's communications at issue. Further, in this case, DHLO expressly consented to Plaintiff relying on DHLO's legal advice, and the integrity of DHLO's legal advice is ***the issue***. (*See, e.g.* Complaint [#138] at ¶¶ 65, 129-136). Fundamental fairness requires disclosure of the communications, the communications are not privileged, and the documents should be produced.

Alternatively, given the nature of this action, the documents are also discoverable under the crime fraud exception. *See id*. "It is well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *Cafex Communications, Inc. v. Amazon Web Services, Inc*., 2018 WL 1737686, at *6 (S.D.N.Y. Feb. 8, 2018), citing *In re Grand Jury Subpoena Duces Tecum Dated*

Hon. James Orenstein
United States District Court
November 14, 2018
Page 3

*Sept. 15, 1983,* 731 F.2d 1032, 1038 (2d Cir. 1984). The crime-fraud exception to the attorney-client privilege or work-product protection applies when there exist: "(i) a determination that 'the client communication or attorney work product in question was itself in furtherance of the crime or fraud' and (ii) 'probable cause to believe that the particular communication with counsel or attorney work product was intended in some way to facilitate or to conceal the criminal activity.' " *In re Richard Roe, Inc.,* 168 F.3d 69, 71 (2d Cir. 1999). "This covers 'a fraudulent scheme, an alleged breach of fiduciary duty or an accusation of some other wrongful conduct.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.,* 180 F. Supp. 3d 273, 281–82 (S.D.N.Y. 2016); *see also, e.g. Abbott Labs. v. H&H Wholesale Services, Inc.,* 2018 WL 2459271, at *5 (E.D.N.Y. Mar. 9, 2018).

Finally, DHLO states in response to Plaintiff's Interrogatory No. 1 that "[t]he Management Entrustment Agreement (the "MEA") ***is*** and was ***enforceable***." (emphasis added). If that is true, DHLO is clearly obligated to turn the documents over to China Power and An Sen at their request. First, the documents were created when, if the MEA "was" enforceable, China Power's An Sen completely controlled Zhongxi and was thus effectively DHLO's client. Second, and in any event, if the MEA "is" enforceable, China Power's An Sen still completely controls Zhongxi and is asking for its documents.

The undersigned counsel for Plaintiff has conferred in good faith in an effort to resolve these disputes, in conformity with Fed. R. Civ. P. 37(a)(1). The documents are discoverable and DHLO's continued effort to delay this matter and to avoid its obligations under the rules for discovery is not in good faith. Plaintiff requests that DHLO be ordered to pay to Plaintiff an amount for reasonable and necessary attorney fees in the amount of $2,000 for moving to obtain the documents at issue, and an additional $7,500 for attorney fees and $1,000 in travel expenses should another hearing be necessary. *See, Chandler v. Janssen Pharm., Inc.,* 2018 WL 4378160, at *2 (E.D.N.Y. Aug. 10, 2018) ("[I]t is generally appropriate, at a minimum, to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking disclosure and/or in seeking discovery sanctions."), quoting *Casagrande v. Norm Bloom & Son, LLC*, 2014 WL 5817562, at *12 (D. Conn. Nov. 10, 2014); *see also, gen. Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group*, 2018 WL 4489286, at *22 (S.D.N.Y. Sept. 19, 2018) ("monetary sanctions are considered among the 'mildest' sanctions for discovery misconduct") (citations omitted).

In sum, DHLO should be ordered to produce all documents listed on the attached log and should be ordered to pay reasonable attorneys' fees and travel expenses incurred in moving to obtain the documents at issue.

Respectfully submitted,

*/s/ James Craig Orr, Jr.*
James Craig Orr, Jr.
Attorneys for Plaintiffs

cc: All Appearing Counsel of Record (via ECF)

China Power Equipment Inc. v. Song et al.
1:16-cv-2914  EDNY

DeHeng Law Offices' Privilege Log
October 8, 2018
Page 1 of 3

| Privilege Log No. | File Type | Sort Date | From | To | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|
| 1 | E-DOC | 7/23/2008 | Nu Yu, Fan Zhaoxia | Zhongxi | Attorney Client Communication | Document list sent in connection with diligence |
| 2 | E-DOC | Undated | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Contact list for transaction |
| 3 | E-DOC | Aug-06 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Report |
| 4 | E-DOC | Undated | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Information Request List |
| 5 | E-DOC | Aug-06 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Report |
| 6 | E-DOC | Undated | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Information Request List |
| 7 | E-DOC | Undated | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Communication requesting materials for diligence |
| 8 | E-DOC | 8/8/2006 | Zhongxi | Nu Yu | Attorney Client Communication | Communication regarding assets |
| 9 | E-DOC | Undated | Yarong Feng | DNu Yu | Attorney Client Communication | Communication regarding diligence materials |
| 10 | E-DOC | Undated | Yarong Feng | Nu Yu, Fan Zhaoxia | Attorney Client Communication | Communication regarding Due Diligence Report |
| 11 | E-DOC | Undated | Yarong Feng | DeHeng Law Offices | Attorney Client Communication | Communication regarding Due Diligence |
| 12 | E-DOC | Undated | Yarong Feng | DeHeng Law Offices | Attorney Client Communication | Communication regarding company history |
| 13 | E-DOC | Undated | DeHeng Law Ofices | Zhongxi | Attorney Client Communication | Correspondence regarding due diligence |
| 14 | E-DOC | Undated | Nu Yu | Yarong Feng | Attorney Client Communication | Summary of due diligence |
| 15 | E-DOC | 6-Aug | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Memorandum |
| 16 | E-DOC | Undated | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |
| 17 | E-DOC | Undated | Zhongxi | DeHeng | Attorney Client Communication | Communication regarding due diligence questions |
| 18 | E-DOC | Aug-06 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Requests |
| 19 | E-DOC | 8/9/2006 | Yarong Feng | Nu Yu | Attorney Client Communication | Responses to Due Diligence Requests |
| 20 | E-DOC | Undated | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Updated list of materials |
| 21 | E-DOC | Undated | Yarong Feng | Nu Yu, Fan Zhaoxia | Attorney Client Communication | Responses to Due Diligence Questions |
| 22 | E-DOC | 3/1/2007 | Nu Yu | Feng Yarong | Attorney Client Communication | Legal Memorandum |
| 23 | E-DOC | Undated | Fan Zhaoxia | Yarong Feng | Attorney Client Communication | List of Documents for Shareholder Meeting |
| 24 | E-DOC | 8/8/2006 | Yarong Feng | Nu Yu | Attorney Client Communication | Communication regarding Assets |
| 25 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 26 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 27 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 28 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 29 | E-DOC | 8/2/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |
| 30 | E-DOC | 8/3/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |
| 31 | E-DOC | 8/15/2006 | Nu Yu, Fan Zhaoxia | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 32 | E-DOC | 8/15/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 33 | E-DOC | 8/15/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |
| 34 | E-DOC | 8/16/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 35 | E-DOC | 8/17/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |
| 36 | E-DOC | 7/26/2006 | Yarong Feng | Nu Yu, Fan Zhaoxia | Attorney Client Communication | Communication regarding diligence status |
| 37 | E-DOC | 7/12/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Communication regarding diligence information |
| 38 | E-DOC | 7/12/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Comunication regarding diligence responses |
| 39 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 40 | E-DOC | 8/2/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |

China Power Equipment Inc. v. Song et al.
1:16-cv-2914  EDNY

DeHeng Law Offices' Privilege Log
October 8, 2018
Page 2 of 3

| Privilege Log No. | File Type | Sort Date | From | To | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|
| 41 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 42 | E-DOC | 8/3/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |
| 43 | E-DOC | 9/20/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Preliminary Report on due diligence |
| 44 | E-DOC | 8/2/2006 | Yarong Feng | DeHeng Law Offices | Attorney Client Communication | Communication regarding due diligence |
| 45 | E-DOC | 7/27/2006 | Nu Yu | Yarong Feng | Attorney Client Communication | Communication regarding contemplated transaction |
| 46 | E-DOC | 8/15/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 47 | E-DOC | 8/10/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Document list sent in connection with diligence |
| 48 | E-DOC | 8/15/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 49 | E-DOC | 8/28/2006 | Fan Zhaoxia, Nu Yu | Yarong Feng | Attorney Client Communication | Outline of Tasks |
| 50 | E-DOC | 8/17/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Outline of Tasks |
| 51 | E-DOC | 8/28/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Outline of Tasks |
| 52 | E-DOC | 9/20/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Diligence Memorandum |
| 53 | E-DOC | 7/18/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Questions regarding due diligence responses |
| 54 | E-DOC | 11/15/2006 | DeHeng - Nu Yu, Zhaoxia Fan | Zhongxi | Attorney Client Communication | Communication regarding shareholder meeting |
| 55 | E-DOC | 7/22/2008 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Document Request in connection with diligence |
| 56 | E-DOC | 4/22/2008 | Yarong Feng | Fan Zhaoxia | Attorney Client Communication | Communication regarding diligence responses |
| 57 | E-DOC | 7/21/2008 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Communication regarding contemplated transaction |
| 58 | E-DOC | 7/18/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Questions and answers in connection with diligence |
| 59 | E-DOC | 8/15/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 60 | E-DOC | 8/15/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Outline of Tasks |
| 61 | E-DOC | 8/15/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 62 | E-DOC | 8/8/2006 | Yarong Feng | Nu Yu, Fan Zhaoxia | Attorney Client Communication | Response to Due Diligence Questions |
| 63 | E-DOC | 7/26/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Communication regarding diligence responses |
| 64 | E-DOC | 7/12/2006 | Nu Yu | Yarong Feng | Attorney Client Communication | Communication regarding diligence responses |
| 65 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 66 | E-DOC | 8/2/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Zhongxi Responses to Due Diligence Questions |
| 67 | E-DOC | 7/28/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 68 | E-DOC | 8/3/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |
| 69 | E-DOC | 8/2/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 70 | E-DOC | 7/27/2006 | Nu Yu | Zhongxi | Attorney Client Communication | Responses to Client Questions |
| 71 | E-DOC | 8/10/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | List of Documents in connection with diligence |
| 72 | E-DOC | 8/28/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Communication regarding contemplated transaction |
| 73 | E-DOC | 8/16/2006 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Due Diligence Questions |
| 74 | E-DOC | 8/18/2006 | Zhongxi | DeHeng Law Offices | Attorney Client Communication | Responses to Due Diligence Questions |

China Power Equipment Inc. v. Song et al.
1:16-cv-2914  EDNY

DeHeng Law Offices' Privilege Log
October 8, 2018
Page 3 of 3

| Privilege Log No. | File Type | Sort Date | From | To | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|
| 75 | E-DOC | 11/15/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Communication regarding shareholders meeting |
| 76 | E-DOC | 9/11/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Communication regarding diligence |
| 77 | E-DOC | 8/28/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Legal Memorandum |
| 78 | E-DOC | 10/10/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Draft due diligence report |
| 79 | E-DOC | 11/7/2006 | Nu Yu | Yarong Feng | Attorney Client Communication | Communication regarding shareholder meetings |
| 80 | E-DOC | 9/20/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Draft due diligence report |
| 81 | E-DOC | 9/20/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Draft due diligence report |
| 82 | E-DOC | 9/20/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Draft due diligence report |
| 83 | E-DOC | 9/3/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Draft due diligence report |
| 84 | E-DOC | 9/2/2006 | DeHeng Law Offices | Yarong Feng | Attorney Client Communication | Draft due diligence report |
| 85 | E-DOC | 9/18/2006 | Nu Yu | Yarong Feng | Attorney Client Communication | Summary of data for diligence |
| 86 | E-DOC | 9/18/2006 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Communication regarding contemplated transaction |
| 87 | E-DOC | 9/29/2006 | Nu Yu | Yarong Feng | Attorney Client Communication | Legal Memorandum |
| 88 | E-DOC | 9/11/2006 | Nu Yu | Zhongxi | Attorney Client Communication | Communication regarding contemplated transaction |
| 89 | E-DOC | 9/30/2006 | Nu Yu | Yarong Feng | Attorney Client Communication | Communication regarding shareholder meeting |
| 90 | E-DOC | 9/21/2006 | Nu Yu, Fan Zhaoxia | Zhongxi | Attorney Client Communication | Legal Memorandum |
| 91 | E-DOC | 9/22/2006 | Nu Yu, Fan Zhaoxia | Zhongxi | Attorney Client Communication | Communication regarding shareholder meeting |
| 92 | E-DOC | 7/30/2007 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Communication regarding registration |
| 93 | E-DOC | 6/2/2008 | Nu Yu, Fan Zhaoxia | Yarong Feng | Attorney Client Communication | Communication regarding documents |
| 94 | E-DOC | 7/22/2008 | DeHeng Law Offices | Zhongxi | Attorney Client Communication | Request for Documents |