# HO&P | HEYGOOD, ORR & PEARSON

**6363 N. State Highway 161, Suite 450, Irving, TX 75038**

**214.237.9001   |   877.446.9001   |   214.237.9002 F**

**www.hop-law.com**

November 23, 2018

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    No. 16-CV-2914 (KAM) (JO)
                 *China Power Equipment, Inc. et al. v. Song et al.*

Dear Judge Orenstein:

Plaintiff China Power briefly responds to DHLO's letter [#168]. DHLO misses the point. Plaintiff *agrees* the documents at issue are, as DHLO puts it, "communications between DHLO attorneys … and DHLO's client." However, as set forth in Plaintiff's letter [#166], the communications are clearly *"at issue"* in this case and thus discoverable. Indeed, the integrity of DHLO's legal advice—advice DHLO expressly consented Plaintiff could rely on—is *the issue.* Under the circumstances, merely confirming the documents are attorney-client communications (which is undisputed) by conducting in camera review would add nothing but time and expense.

Moreover, Plaintiff is effectively "the client." DHLO expressly granted Plaintiff consent to rely on its advice and to represent that "DeHeng Law Office, *our PRC counsel*, has advised us that in their opinion the Management Entrustment Agreement is legal and enforceable…." Complaint [#138] at ¶ 129. At a minimum, the Management Entrustment Agreement that DHLO claims is valid ostensibly puts Plaintiff in complete control of the entity that DHLO admits was its client.

If the Court determines in camera review is necessary before ordering the documents produced, Plaintiff believes that such a review will show: (a) the communications are "at issue" and thus not privileged; (b) questions of privilege should be governed by Chinese law and thus the communications are not privileged from discovery; and/or (c) the communications are discoverable under the crime-fraud exception. *See* Plaintiff's letter [#166]. In this regard, Plaintiff strongly disagrees that a translator "selected by DHLO" is also "independent." If a translator is necessary, one should be selected by the Court or by agreement of the parties.

Hon. James Orenstein
United States District Court
November 23, 2018
Page 2
_____

As to Chinese law, DHLO offers no support beyond a bare unsupported claim that the documents are privileged from discovery under Chinese law. In reality, "Chinese law creates a duty of confidentiality instead." *Wultz v. Bank of China Ltd.,* 979 F. Supp. 2d 479, 492–93 (S.D.N.Y. 2013), citing Article 38 of the Law of the People's Republic of China on Lawyers. "[T]he duty of confidentiality is an ethical obligation and not an evidentiary protection analogous to the attorney-client privilege or work-product doctrine." *Id.; see also* Leah M. Christensen, *A Comparison of the Duty of Confidentiality and the Attorney-Client Privilege in the U.S. and China: Developing A Rule of Law*, 34 T. JEFFERSON L. REV. 171, 172–73 (2011) *("*The concept of the attorney-client privilege, however, does not exist under Chinese law. In other words, confidential communications between an attorney and a client are neither privileged nor protected."), citing XU Xi, *A Comparative Study of Lawyers' Ethics in the US and PRC: Attorney-Client Privilege and Duty of Confidentiality,* 1 TSINGHUA CHINA L. REV. 46, 47 (2009).

Under Chinese or U.S. law, the documents are not privileged from discovery.  DHLO should be ordered to produce them, and Plaintiff should be awarded attorney fees and expenses.

                                                Respectfully submitted,

                                                */s/ James Craig Orr, Jr.*
                                                James Craig Orr, Jr.
                                                Attorneys for Plaintiffs


cc: All Appearing Counsel of Record (via ECF)